# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TRUSTEES OF THE PLUMBING AND )
PIPEFITTING INDUSTRY HEALTH AND )
WELFARE PLAN OF KANSAS, et al., )
                                                                                     )
                Plaintiffs, )
v.                                                           )    CIVIL ACTION
                                                                                )
                                                                                )    No. 13-2394-KHV
CHANEY INCORPORATED, et al., )
                                                                                )
                Defendants. )
_____)

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Plaintiffs' Motion For Default Judgment With Supporting Memorandum</u> (Doc. #14) filed October 24, 2013.[1] Plaintiffs brought suit alleging violations of Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145. Plaintiffs allege that Chaney Incorporated failed to make appropriate contributions on behalf of its employees, as required by ERISA and a collective bargaining agreement between Chaney and Plumbers and Pipefitters Local Union No. 441. Plaintiffs now seek judgment by default against Chaney in the following amounts:

| | |
|---|---|
| Contributions | $75,402.96 |
| Liquidated Damages | $22,552.10 |
| Interest as of 09/25/2013 | $ 2,969.53 |
| Interest after 09/25/2013 | $24.79/day |
| Costs | $ 512.00 |
| Attorney's fees | $13,520.00 |

---

[1] Plaintiffs are Trustees of the Plumbing and Pipefitting Industry Health and Welfare Plan of Kansas, Trustees of the Plumbing and Pipefitting Industry Retirement Plan of Kansas and C&J Benefit Solutions, Inc. (in its capacity as authorized representative for the Plumbers & Pipefitters Apprentice Training of Kansas, the Plumbers and Pipefitters Local 441 Political Action Committee and the Plumbers and Pipefitters Local Union No. 441 Work Assessment Fund).

Plaintiffs filed their complaint on August 8, 2013 and personally served Chaney on August 9, 2013. See Doc. #4, filed August 16, 2013. Chaney failed to appear or defend, and on September 10, 2013, plaintiffs applied for entry of default. Doc. #8. On the same day, the clerk entered default. Doc. #9. On October 24, 2013, plaintiffs filed their motion for default judgment and Chaney has not responded.

Section 502(g)(2)(A) of ERISA requires that the Court award all unpaid contributions to any fund when a fiduciary brings an action to recover contributions. See 29 U.S.C. § 1132(g)(2)(A). The Court finds that plaintiffs are entitled to contributions of $75,402.96.

Section 502(g)(2)(C) of ERISA provides for liquidated damages not in excess of 20 per cent of the unpaid contribution amount determined by the Court. See 29 U.S.C. § 1132(g)(2(C). The Court finds that plaintiffs are entitled to liquidated damages of $22,552.10.

Section 502(g)(2)(B) of ERISA requires recovery of interest accrued on an employer's unpaid contributions into a qualified ERISA plan. See 29 U.S.C. § 1132(g)(2)(B). Interest on unpaid contributions is determined by the rate provided under the plan, or if none is provided under the plan, the rate prescribed by statute. See 29 U.S.C. § 1132(g)(2). Plaintiffs request $2,969.53 in accrued interest, which represents interest at the rate of 12 per cent per annum upon the delinquent contributions and liquidated damages as permitted under the collective bargaining agreement. Accordingly, the Court sustains plaintiffs' request for interest as of September 25, 2013 of $2,969.53, plus interest after September 25, 2013 to the date of judgment at the daily rate of $24.79.

Section 502(g)(2)(D) of ERISA requires recovery of reasonable attorney's fees and costs incurred during any action to enforce an employer's payment into a qualified plan. See 29 U.S.C. §

1132(g)(2)(D). Section 502(g)(2)(E) of ERISA also requires the Court to award such other legal or equitable relief as it deems appropriate. See 29 U.S.C. § 1132(g)(2)(E). Plaintiffs request judgment against Chaney for attorney's fees of $13,520.00 and costs of $512.00 which plaintiffs incurred in three different collection activities. First, plaintiffs seek attorney's fees from the initiation of this action through drafting the motion for default judgment. Second, plaintiffs seek attorney's fees they have incurred in attempting to collect their unpaid judgment against Chaney in an earlier delinquent contribution action, Case No. 13-2009-JAR (D. Kan.). Third, Chaney is supposed to make fringe benefit contributions to plaintiffs' funds, but because Chaney has frequently been delinquent in these payments, plaintiffs have incurred attorney's fees in collecting those amounts. Plaintiffs' complaint does not allege a specific amount of fees and costs incurred, but the motion for default judgment suggests that they incurred attorney's fees of $13,520.00 and costs of $512.00. See Doc. #14-2, Affidavit of Douglas M. Weems.

The Court finds that plaintiffs are entitled to collect their attorney's fees for the first collection activity, i.e. the initiation of this action through drafting the motion for default judgment. Plaintiffs provide no legal authority to support their entitlement under Section 502(g)(2)(E) to the second and third components of their request, i.e. fees to collect their judgment in Case No. 13-2009-JAR and to collect delinquent fringe benefit contributions. Moreover, the complaint does not explicitly seek such relief.

Plaintiffs have made no effort to segregate costs and fees which they incurred in this case, which they are entitled to recoup, and those which they incurred with regard to other matters – which they are not entitled to recoup by way of default judgment in this case.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion For Default Judgment With

Supporting Memorandum (Doc. #14) filed October 24, 2013 be and hereby is **SUSTAINED IN PART**. The Clerk is directed to enter Default Judgment against defendant Chaney Incorporated, and in favor of plaintiffs, as follows:

| | |
|---|---|
| Contributions | $ 75,402.96 |
| Liquidated Damages | $ 22,552.10 |
| Interest as of 09/25/2013 | $  2,969.53 |
| Interest after 09/25/2013 | $  1,933.62 |
| **TOTAL** | **$102,858.21** |

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For Default Judgment With Supporting Memorandum (Doc. #14) filed October 24, 2013 be and hereby is **OVERRULED** with regard to attorney's fees and costs.

Dated this 12th day of December, 2013 at Kansas City, Kansas.

>s/Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge